

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY  10022.3298


Craig R. Benson
212.583.2682 direct
212.583.9600 main
718.732.2369 fax
cbenson@littler.com

May 10, 2024

**VIA ECF**
Honorable Ann M. Donnelly, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Buscaino v. Dircksen & Talleyrand, Inc., et al., Case No. 22-CV-7572(AMD)(PK)

Dear Judge Donnelly:

We write to request a pre-motion conference, pursuant to Rules 4(A) and (B) of Your Honor's Individual Practices and Rules, to discuss Defendants' anticipated summary judgment motion as well as to submit Defendants' Rule 56.1 Statement and Plaintiff's Rule 56.1 Counter-Statement.

I.   **RELEVANT BACKGROUND AND PLAINTIFF'S ALLEGATIONS**

The River Café is an elegant restaurant that features sweeping views of the NYC skyline and the Statue of Liberty. As the Executive Chef of the River Café for the past 24 years, Brad Steelman supervises the culinary team that includes a Sous Chef, an Executive Pastry Chef, and line cooks. Defendant Ariel Echevarria has been the Sous Chef at The River Café for 17 years. The River Café hired Plaintiff Danielle Buscaino as a line cook in August of 2019. During Plaintiff's time as a line cook, she proved to be unskilled on the grill. On more than a few occasions, she had meat sent back to the kitchen for not being cooked to the correct temperature.

At the end of the night, all line cooks are responsible for cleaning their individual stations. Instead of pitching in, Plaintiff was often on her cell phone and regularly left her station dirty. She was told on numerous occasions that she had to pitch in and clean her station and her co-workers were growing frustrated. On December 17, 2021, Echevarria, noticing Plaintiff's station was dirty, reminded Plaintiff she had to clean up. Plaintiff became upset, screaming and yelling at Echevarria. She then went into Chef Steelman's office, yelling and screaming. As it was obvious that she was agitated, Chef Steelman told her to take the following day off, with pay, so he could figure things out. Plaintiff thereafter stormed back through the kitchen, while Echevarria removed a tray of lamb from the fridge to show Plaintiff that she had not properly wrapped or covered it. Then, despite Chef Steelman's instruction to take the following day off (with pay) so he could investigate the incident, Plaintiff showed up at work. The investigation revealed that numerous employees heard a female voice (Plaintiff) screaming the night before

Honorable Ann M. Donnelly, U.S.D.J.
May 10, 2024
Page 2

and confirmed that customers could hear her. In light of this and Plaintiff's disregard of his instructions, Chef Steelman terminated her employment the next day.

Plaintiff now claims she was subjected to unlawful gender discrimination, a hostile work environment, and retaliation after she allegedly complained about discrimination in violation of Title VII, the New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL"). She further claims The River Café aided and abetted discrimination. Specifically, Plaintiff alleges she requested, but was not given, a promotion to the position of "Junior Sous Chef" because of her gender, and that this position was given to a male. She generally asserts that Echevarria made comments that she was "so pretty" and does not "have to worry about things because [she is] a cute girl." She further alleges that she reported to Chef Steelman on December 17 that Echevarria was unprofessional and treated her differently than her male co-workers. She alleges her employment was terminated in retaliation.

## II.   PLAINTIFF'S GENDER DISCRIMINATION HAS NO MERIT.

To prove a failure-to-promote claim, Plaintiff must prove that she applied for and was denied a position that remained open while The River Café sought applicants. *Aulicino v. N.Y.C. Dept. of Homeless Servs.,* 580 F.3d 73, 80 (2d Cir. 2009); *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 709 (2d Cir. 1998). Plaintiff's alleged basis for her failure-to-promote claim, as explained at her deposition, is that she requested but was not given a promotion. Such a statement is wholly insufficient to support such a claim. Further, the undisputed evidence proves that the position of "Junior Sous Chef" did not exist during Plaintiff's employment with The River Café, and in fact, does not exist to this very day.[1] In addition, the evidence is clear that Plaintiff was terminated for her inappropriate conduct in the kitchen and for disregarding Chef Steelman's instructions to take the day off, with pay, so the incident could be investigated. There can be no inference of discrimination given the undisputed facts.

## III.   PLAINTIFF CANNOT PROVE A HOSTILE WORK ENVIRONMENT CLAIM.

First, it is undisputed that Echevarria was not Plaintiff's supervisor. Neither an employer nor a co-worker is held strictly liable for the co-worker's comments or alleged inappropriate interactions. *See Harrison v. State Univ. of N.Y. Downstate Med. Ctr.,* 2018 WL 4055278, at *12 (E.D.N.Y. July 6, 2018) (collecting cases that establish that unpleasant interactions with co-workers do not establish a hostile work environment); *see Griffin v. Ambika Corp.,* 103 F. Supp. 2d 297, 309 (S.D.N.Y. 2000).

---

[1] Plaintiff's claim that Timothy Durkos was given the Junior Sous Chef position instead of her is a red herring. In reality, Durkos was working as a Sous Chef at The River Café's sister operation. When that closed, he transferred to The River Café to work as a line cook, although he maintained his title from his prior position.

Honorable Ann M. Donnelly, U.S.D.J.
May 10, 2024
Page 3

Second, even if they were actionable, the comments allegedly made by Echevarria, which Plaintiff testified were that she "cleaned up nice" and had on nice attire, are wholly insufficient to withstand dismissal. Under the NYSHRL, Plaintiff must establish that she was subjected to harassment "*because of* a prohibited factor" (*i.e.*, sex) and that the conduct rises above the level of "petty slights and trivial inconveniences." *De Souza v. Planned Parenthood Federation of America, Inc.*, 2023 WL 2691458 (S.D.N.Y. Mar. 29, 2023) (interpreting the NYSHRL). To survive summary judgment under the NYCHRL, a plaintiff must demonstrate that, "by a preponderance of the evidence," he "has been treated less well than other employees because of [his] gender," unless the "conduct complained of consists of nothing more than what a reasonable victim of discrimination would consider 'petty slights and trivial inconveniences.'" *Williams v. New York City Housing Auth.*, 61 A.D.3d 62, 78-80 (1st Dep't 2009). Here, even crediting Plaintiff's version of events, her claim is utterly insufficient under the law.

### IV.  PLAINTIFF'S RETALIATION CLAIM FAILS AS A MATTER OF LAW.

To constitute protected activity under the NYSHRL or NYCHRL, the plaintiff must "oppose[] or complain[] about unlawful discrimination." *Mi-Kyung Cho v. Young Bin Cafe*, 42 F. Supp. 3d 495, 507 (S.D.N.Y. 2013) (emphasis added) (citations omitted). A plaintiff's complaint about mere workplace difficulties rather than statutorily protected rights is insufficient to state a retaliation claim. *See Batiste v. City Univ. of New York*, 2017 U.S. Dist. LEXIS 105575 (S.D.N.Y. July 7, 2017). Because Plaintiff admitted at her deposition that the only two people she complained to were two co-workers, such action does not constitute protected activity under the law. *See Sumner v. U.S. Postal Serv.*, 899 F.2d 203, 209 (2d Cir. 1990) (protected activity includes complaints to management); *Pape v. Dircksen & Talleyrand Inc.*, 2019 U.S. Dist. LEXIS 17717, at *61. Further, Plaintiff made clear during her deposition that Echevarria is the one she claims retaliated against her for allegedly asking for a promotion. But, as she also admitted, Echevarria was never her supervisor nor did he have the authority to hire or fire her. So, such assertions cannot form the basis for a retaliation claim.

### V.  CONCLUSION

For the above-stated reasons, Defendants respectfully request a pre-motion conference to discuss their intention to file a motion for summary judgment.

Sincerely,

*/s/ Craig R. Benson*

Craig R. Benson

CRB/rg