UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DANIELLE BUSCAINO,

        Plaintiff,

    -v-

DIRCKSEN & TALLEYRAND, INC. D/B/A
RIVER CAFÉ AND ARIEL ECHEVERRIA,

        Defendant.

Civil Action No. 22-CV-7572-AMD-PK

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR
SUMMARY JUDGMENT**

---

LITTLER MENDELSON, P.C.

Craig R. Benson
Rebecca Goldstein
900 Third Avenue
New York, NY 10022
212-583-9600

*Attorneys for Defendants*

## <u>TABLE OF CONTENTS</u>

**Page(s)**

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT ........................................................................................................................ 4

THE STANDARDS APPLICABLE TO THIS MOTION ......................................................... 4

    I.    PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIMS FAIL AS
A MATTER OF LAW. ...................................................................................... 4

        A.    As Echevarria Was Not Plaintiff's Supervisor, Liability Cannot Be
Imputed to The River Café for Comments He Purportedly Made. ............ 5

        B.    The Claimed Compliments Conveyed to Plaintiff Cannot
Formulate the Basis for a Hostile Work Environment Claim. ................... 8

        C.    None of the Purported Comments About Plaintiff's Performance
Are Actionable. ...................................................................................... 10

    II.    THE EVIDENCE PROVES THAT PLAINTIFF'S ALTERNATIVE
GENDER DISCRIMINATION CLAIMS HAVE NO MERIT .......................... 13

        A.    Plaintiff Cannot Establish a *Prima Facie* Claim of Gender
Discrimination. ...................................................................................... 13

            i.    Criticism of Work Performance Does Not Constitute An
Adverse Action or "Less Well" Treatment Under The Law ........ 15

            ii.    The Undisputed Facts Prove There is No Inference of
Discrimination With Respect to the Termination of
Plaintiff's Employment. .............................................................. 17

        B.    The River Café's Reason for Termination Was Legitimate and
Justified. ................................................................................................ 18

    III.    PLAINTIFF'S RETALIATION CLAIMS FAIL AS A MATTER OF
LAW. ........................................................................................................... 19

        A.    Plaintiff Cannot Establish A *Prima Facie* Retaliation Claim As
She Did Not Engage In Any Protected Activity. .................................... 20

i

B.     Even Assuming, *Arguendo*, That Plaintiff Had Engaged In A Protected Activity, Her Retaliation Claim Fails As She Cannot Establish the Requisite Causal Connection.................................................. 22

C.     Even if Plaintiff Had Engaged in Protected Activity, The River Cafe Had Legitimate Non-Retaliatory Reasons for Terminating Her Employment. ....................................................................................... 23

IV.    AS THERE IS NO BASIS FOR EMPLOYER LIABILITY, THE AIDING AND ABETTING CLAIMS AND CLAIMS AGAINST DEFENDANT ECHEVARRIA SHOULD BE DISMISSED. ..................................................... 24

CONCLUSION.................................................................................................................... 25

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)........................................................................................................4

*Aulicino v. N.Y.C. Dept. of Homeless Servs.*,
  580 F.3d 73 (2d Cir. 2009)............................................................................................21

*Bainlardi v. SBC Warburg, Inc.*,
  No. 97 Civ. 2861 (KTD)(HBP), 1998 U.S. Dist. LEXIS 13491 (S.D.N.Y.
  Aug. 31, 1998) ...............................................................................................................23

*Ballard v. Children's Aid Soc'y*,
  781 F. Supp. 2d 198 (S.D.N.Y. 2011)..............................................................................8

*Batchelor v. City of N.Y.*,
  No. 11-CV-2058 (MKB)(VMS), 2014 U.S. Dist. LEXIS 46921 (E.D.N.Y.
  Feb. 6, 2014) .................................................................................................................12

*Bentley v. AutoZoners, LLC*,
  935 F.3d 76 (2d Cir. 2019)..............................................................................................6

*Benzinger v. Lukoil Pan Americas, LLC*,
  447 F. Supp. 3d 99 (S.D.N.Y. 2020)..............................................................................10

*Beverley v. 1115 Health & Benefits Fund*,
  420 F. Supp. 2d 47 (E.D.N.Y. 2005) .............................................................................15

*Bliss v. MXK Rest. Corp.*,
  220 F. Supp. 3d 419 (S.D.N.Y. 2016)............................................................................24

*Booth v. N.Y. Presbyterian Hosp.*,
  No. 22-CV-10114 (NSR), 2024 U.S. Dist. LEXIS 60823 (S.D.N.Y. Mar. 29,
  2024) ..............................................................................................................................14

*Bramble v. Moody's Corp.*,
  No. 23-506, 2024 U.S. App. LEXIS 3941 (2d Cir. Feb. 21, 2024) ...................15, 19

*Brown v. City of Syracuse*,
  673 F.3d 141 (2d Cir. 2012)............................................................................................14

*Brown v. Coach Stores, Inc.*,
  163 F.3d 706 (2d Cir. 1998)............................................................................................21

*Brummell v. Webster Cent. Sch. Dist.*,
No. 06-CV-6437, 2009 U.S. Dist. LEXIS 7644 (W.D.N.Y. Jan. 29, 2009) ...........................21

*Buckler v. Craft Bee*,
No. 23-CV-09275 (MMG), 2024 U.S. Dist. LEXIS 116664 (S.D.N.Y. July 2,
2024) .................................................................................................................14

*Cincotta v. Hempstead Union Free Sch. Dist.*,
313 F. Supp. 3d 386 (E.D.N.Y. 2018) ...................................................................18

*Clark v. New York State Elec. & Gas Corp.*,
67 F. Supp. 2d 63 (N.D.N.Y. 1999), *aff'd*, 216 F.3d 1071 (2d Cir. 2000) ............................23

*Clarke v. N.Y.C. Dep't of Educ.*,
No. 18-CV-1850 (NGG)(JO), 2020 U.S. Dist. LEXIS 189482 (E.D.N.Y. Oct.
13, 2020) ...........................................................................................................11

*Colon v. Fashion Inst. of Tech. (State Univ. of N.Y.)*,
983 F. Supp. 2d 277 (S.D.N.Y. 2013) .............................................................11, 12

*Cruz v. Bernstein Litowitz Berger & Grossman LLP*,
No. 20-CV-8596 (VF), 2023 U.S. Dist. LEXIS 54426 (S.D.N.Y. Mar. 29,
2023) .................................................................................................................18

*Cruz v. Coach Stores, Inc.*,
No. 96 Civ. 8099 (JSR), 1997 U.S. Dist. LEXIS 14572 (S.D.N.Y. Sept. 25,
1997) .................................................................................................................20

*Davis v. Oyster Bay-East*,
No. 03-cv-1372 (SJF)(JO), 2006 U.S. Dist. LEXIS 82914 (E.D.N.Y. Mar. 9,
2006), *aff'd*, 220 F. App'x 59 (2d Cir. 2007) .........................................................15

*De Souza v. Planned Parenthood Federation of America, Inc.*,
No. 21 Civ. 5553 (LGS), 2023 WL 2691458 (S.D.N.Y. Mar. 29, 2023) .................................9

*Dillon v. Ned Management, Inc.*,
85 F. Supp. 3d 639 (E.D.N.Y. 2015) ...................................................................20

*Farzan v. Wells Fargo Bank, N.A.*,
No. 12 Civ. 1217 (RJS)(JLC), 2013 U.S. Dist. LEXIS 169743 (S.D.N.Y. Dec.
2, 2013) .............................................................................................................15

*Feliciano v. Alpha Sector, Inc.*,
No. 00 Civ. 9309 (AGS), 2002 WL 1492139 (S.D.N.Y. July 12, 2002) ..............................10

*Fernandez v. Wenig Saltiel LLP*,
No. 19-CV-1979 (AMD)(MMH), 2024 U.S. Dist. LEXIS 58933 (E.D.N.Y.
March 29, 2024) ...............................................................................................14

*Fincher v. Depository Trust and Clearing Corp.*,
    604 F.3d 712 (2d Cir. 2010)............................................................................20

*Forrest v. Jewish Guild for the Blind*,
    3 N.Y.3d 295 (2004) ...................................................................................23

*Francis v. Pactiv Corp.*,
    No. cv 04-0417 (WDW), 2007 U.S. Dist. LEXIS 20046 (E.D.N.Y. Mar. 21,
    2007) ............................................................................................................17

*Frank v. Lovell*,
    No. 11 CV 4119 (KAM)(LB), 2013 U.S. Dist. LEXIS 127648 (E.D.N.Y. Aug.
    8, 2013) ........................................................................................................22

*Gittens v. Winthrop Hospitalist Assocs., P.C.*,
    No. 19-CV-5070 (LDH)(PK), 2024 U.S. Dist. LEXIS 58247 (E.D.N.Y. Mar.
    29, 2024) ......................................................................................................15

*Gittens-Bridges v. City of New York*,
    No. 2023 U.S. App. LEXIS 33872 (2d Cir. Dec. 21, 2023) ...................................10

*Gonzalez v. Beth Israel Med. Ctr.*,
    262 F. Supp. 2d 342 (S.D.N.Y. 2003).............................................................23

*Gonzalez v. NYU Langone Med. Ctr.*,
    No. 18 Civ. 1797 (PAE), 2019 WL 4194313 (S.D.N.Y. Sep. 3, 2019)...................21

*Goonewardena v. New York Workers Compensation Board*,
    258 F. Supp. 3d 326 (S.D.N.Y. 2017).............................................................11

*Gorzynski v. JetBlue Airways Corp.*,
    596 F.3d 93 (2d Cir. 2010)............................................................................16

*Griffin v. Ambika Corp.*,
    103 F. Supp. 2d 297 (S.D.N.Y. 2000).............................................................7

*Gue v. Suleiman*,
    No. 10 Civ. 8958 (RLE), 2012 WL 4473283 (S.D.N.Y. Sep. 27, 2012)...............16

*Harrison v. State Univ. of N.Y. Downstate Med. Ctr.*,
    No. 16 CV 1101 (RRM)(CLP), 2018 U.S. Dist. LEXIS 114679 (E.D.N.Y.
    July 6, 2018)..................................................................................................7

*Hernandez v. Kellwood Co.*,
    No. 99 Civ. 10015 (LTS)(KNF), 2003 U.S. Dist. LEXIS 17862 (S.D.N.Y.
    Oct. 8, 2003) ................................................................................................16

*Jadallah v. N.Y.C. Dep't of Educ.*,
No. 21 Civ. 6390 (DG), 2024 U.S. Dist. LEXIS 58425 (E.D.N.Y. March 28, 2024) ..........................................................................................................8

*Jute v. Hamilton Sundstrand Corp.*,
420 F.3d 166 (2d Cir. 2005)..........................................................................20

*Kulak v. City of New York*,
88 F.3d 63 (2d Cir. 1996) ..............................................................................10

*Littlejohn v. City of New York*,
795 F.3d 297 (2d Cir. 2015)............................................................................8

*Livingston v. City of New York*,
563 F. Supp. 3d 201 (S.D.N.Y. 2021).............................................................10

*Marseille v. Mount Sinai Health Sys.*,
No. 18-CV-12136 (VEC), 2021 U.S. Dist. LEXIS 147442 (S.D.N.Y. Aug. 5, 2021), *aff'd*, 2022 U.S. App. LEXIS 29798 (2d Cir. Oct. 26, 2022)......................14

*Martinez-Santiago v. Zurich N. Am. Ins. Co.*,
No. 07 Civ. 8676 (RJH), 2010 U.S. Dist. LEXIS 4246 (S.D.N.Y. Jan. 20, 2010) ..........................................................................................................16

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
475 U.S. 574 (1986)........................................................................................4

*Mayorga v. Greenberg*,
No. 22-CV-387 (AMD)(RML), 2023 U.S. Dist. LEXIS 174472 (E.D.N.Y. Sep. 28, 2023) ..............................................................................................14

*McCullough v. John T. Mather Hosp. of Port Jefferson, N.Y., Inc.*,
No. 16-CV-4968 (DRH)(SIL), 2019 U.S. Dist. LEXIS 67001 (E.D.N.Y. Apr. 19, 2019) ....................................................................................................12

*Mejia v. City of New York*,
No. 17-CV-2696 (NGG)(JO), 2020 U.S. Dist. LEXIS 95659 (E.D.N.Y. May 30, 2020) ......................................................................................................6

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
715 F.3d 102 (2d Cir. 2013)............................................................................9

*Murphy v. Wappingers Cent. Sch. Dist.*,
No. 15 CV 7460 (VB), 2018 U.S. Dist. LEXIS 63761 (S.D.N.Y. Apr. 16, 2018) ..........................................................................................................7

*In re N.Y. City Dep't of Educ.*,
   No. 15-CV-7 150 (AJN), 2019 U.S. Dist. LEXIS 54430 (S.D.N.Y. Mar. 29,
   2019) ...................................................................................................................19

*Pannikadavil v. New York City Health & Hosps. Corp.*,
   No. 04 Civ. 8916 (RPP), 2008 U.S. Dist. LEXIS 55639 (S.D.N.Y. July 23,
   2008) ...................................................................................................................20

*Pape v. Dircksen & Talleyrand Inc.*,
   No. 16-CV-5377 (MKB)(SJB), 2019 U.S. Dist. LEXIS 17717 (E.D.N.Y. Feb.
   1, 2019) ...............................................................................................................22

*Paupaw-Myrie v. Mount Vernon City Sch. Dist.*,
   653 F. Supp. 3d 80 (S.D.N.Y. 2023)......................................................................9

*Petrisch v. HSBC Bank USA, Inc.*,
   No. 07-CV-3303 (KAM)(JMA), 2013 U.S. Dist. LEXIS 45346 (E.D.N.Y.
   Mar. 28, 2013).....................................................................................................11

*Pronin v. Raffi Custom Photo Lab, Inc.*,
   383 F. Supp. 2d 628 (S.D.N.Y. 2005)...................................................................18

*Ramos v. Metro-North Commuter R.R.*,
   No. 153742/18, 2020 N.Y. Misc. LEXIS 1666 (N.Y. Sup. Ct., N.Y. Cty. Apr.
   3, 2020) ...............................................................................................................11

*Renondeau v. Wildlife Conservation Soc'y*,
   No. 19-CV-2415 (VSB), 2024 U.S. Dist. LEXIS 48483 (S.D.N.Y. Mar. 18,
   2024) ...................................................................................................................19

*Roman-Malone v. City of New York*,
   No. 11 Civ. 8560 (PAC), 2013 WL 3835117 (S.D.N.Y. July 25, 2013) ................21

*Rosenberg v. Chesapeake Pharm. & Health Care Packaging*,
   888 F. Supp. 2d 302 (E.D.N.Y. 2012) ..................................................................15

*Rossbach v. Montefiore Med. Ctr.*,
   No. 19 cv 5758 (DLC), 2021 U.S. Dist. LEXIS 46012 (S.D.N.Y. Mar. 11,
   2021) ...................................................................................................................24

*Ruiz v. SEIU Loc. 32BJ*,
   No. 19-CV-8810 (PAE)(KHP), 2023 U.S. Dist. LEXIS 132992 (S.D.N.Y.
   Apr. 17, 2023)..........................................................................................14, 17, 18

*Russo v. N.Y. Presbyterian Hosp.*,
   972 F. Supp. 2d 429 (E.D.N.Y. 2013) ...............................................................9, 12

*Sarkis v. Ollie's Bargain Outlet,*
  560 F. App'x 27 (2d Cir. 2014) ....................................................................5

*Scott v. Ysb Servs.,*
  No. 21-CV-7711 (VSB), 2024 U.S. Dist. LEXIS 58149 (S.D.N.Y. Mar. 28,
  2024) .......................................................................................................11

*Shannon v. N.Y.C. Transit Auth.,*
  332 F.3d 95 (2d Cir. 2003)...........................................................................4

*Shaughnessy v. Scotiabank,*
  No. 22 CV 10870 (LAP), 2024 U.S. Dist. LEXIS 57840 (S.D.N.Y. Mar. 29,
  2024) .......................................................................................................20

*Small v. Garland,*
  No. 18-CV-5659 (BCM), 2021 U.S. Dist. LEXIS 63010 (S.D.N.Y. Mar. 31,
  2021) .........................................................................................................7

*Sotomayor v. City of N.Y.,*
  862 F. Supp. 2d 226 (E.D.N.Y. 2012), *aff'd,* 713 F3d 163 (2d Cir. 2013)...........................9

*Spellman v. Gucci Am. Inc.,*
  No. 160266/2014, 2015 N.Y. Misc. LEXIS 3326 (N.Y. Sup. Ct., N.Y. Cty.
  Sept. 11, 2015) ..........................................................................................11

*Sumner v. U.S. Postal Serv.,*
  899 F.2d 203 (2d Cir. 1990)........................................................................22

*Tepperwien v. Entergy Nuclear Operations, Inc.,*
  663 F.3d 556 (2d Cir. 2011)........................................................................16

*Tomka v. Seiler Corp.,*
  66 F.3d 1295 (2d Cir. 1995) .......................................................................24

*To Man Pang v. Anthony Ye,*
  No. 23-713-cv, 2024 U.S. App. LEXIS 7205 (2d Cir. Mar. 27, 2024) ....................................9

*Tojzan v. N.Y. Presbyterian Hosp.,*
  No. 00 Civ. 6105 (WHP), 2003 U.S. Dist. LEXIS 5138 (S.D.N.Y. Mar. 31,
  2003) .......................................................................................................17

*Turowski v. Triarc Companies, Inc.,*
  761 F. Supp. 2d 107 (S.D.N.Y. 2011).............................................................24

*Vance v. Ball State University,*
  570 U.S. 421 (2013)..................................................................................6, 7

*Woodman v. WWOR-TV, Inc.*,
    411 F.3d 69 (2d Cir. 2005)................................................................................15

*Wrighten v. Glowski*,
    232 F.3d 119 (2d Cir. 2000)..............................................................................24

*Ying Jing Gan v. City of N.Y.*,
    996 F.2d 522 (2d Cir. 1993)................................................................................4

**Statutes**

N.Y. Exec. Law § 296(6) ...................................................................... *passim*

N.Y. Exec. Law § 300.............................................................................14

N.Y.C. Admin. Code § 8-107 ................................................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 56(c) .................................................................................4

Dircksen & Talleyrand, Inc. d/b/a The River Cafe ("The River Cafe") and Ariel Echevarria (improperly named "Ariel Echeverria" in the Complaint) ("Echevarria") (collectively, "Defendants"), submit this memorandum of law in support of their summary judgment motion to dismiss Plaintiff Danielle Buscaino's ("Plaintiff") Complaint (the "Complaint").

## PRELIMINARY STATEMENT

Plaintiff's employment with The River Café ended after she admittedly started a verbal altercation with a co-worker by yelling and screaming at him so loudly that customers could hear her, and subsequently disobeyed her supervisor's instruction to stay home, with pay, so this incident could be investigated. None of the material facts support any other version of events.

Yet, Plaintiff now claims that she was somehow subject to discrimination and a hostile work environment by the very same co-worker she screamed at, Echevarria, and was retaliated against after she sought a promotion from, and raised concerns to, Executive Chef Brad Steelman *after* the incident.

Not only are Plaintiff's claims not supported by the undisputed record evidence, they are not actionable under Title VII, the New York State Human Rights Law ("NYSHRL"), or the New York City Human Rights Law ("NYCHRL"). Plaintiff's claims are limited to her assertion that Echevarria, who was Plaintiff's co-worker and not her supervisor, (1) complimented her when she was out of uniform and dressed up to go to a friend's shower, and (2) commented that she worked too slow and should not be conversing with colleagues while working. Such innocuous comments are wholly insufficient to establish a hostile work environment or discrimination, whether or not they were made by a supervisor. Further, the undisputed material facts establish that Plaintiff's retaliation claim is made of whole cloth as Chef Steelman made the decision to terminate her employment for legitimate and justified reasons, and Plaintiff admitted at her deposition that Chef

Steelman did not harbor discriminatory animus against her. Additionally, nothing in the record supports Plaintiff's assertion that she engaged in the requisite protected activity, and her testimony in fact contradicts her retaliation claim.

As such, Plaintiff's claims should be dismissed in their entirety against all Defendants as there is no support for them in the record. Any attempt by Plaintiff to insert new facts in opposition that she purports disprove Defendants' entitlement to summary judgment should further be disregarded.

## STATEMENT OF FACTS

The facts relevant to this motion are fully set forth in the Defendants' Local Rule 56.1 Statement, dated August 12, 2024 ("SMF"), and the accompanying August 8, 2024 Declaration of Brad Steelman ("Steelman Decl."), and August 12, 2024 Declaration of Craig R. Benson, Esq. ("Benson Decl."), with exhibits. Defendants provide an abbreviated overview of the relevant facts here.

The River Café is an elegant restaurant that features sweeping views of the NYC skyline and the Statue of Liberty. SMF ¶ 1. As the Executive Chef of the River Café for the past 24 years, Brad Steelman supervises the culinary team that includes a Sous Chef, an Executive Pastry Chef, and line cooks. *Id*. ¶¶ 6, 9. Defendant Echevarria has been the Sous Chef at The River Café for 17 years. *Id*. ¶ 10. The River Café hired Plaintiff as a line cook in August of 2019. *Id*. ¶ 30. During Plaintiff's time as a line cook, she was largely an acceptable performer, but proved to have trouble working at the grill station. *Id*. ¶¶ 39-40, 43. In fact, on more than a few occasions, she had meat sent back to the kitchen for not being cooked to the correct temperature. *Id*. ¶ 39. At a fine dining establishment like The River Café, this is unacceptable.

At the end of the night in the kitchen, all line cooks are responsible for cleaning their

individual stations. *Id*. ¶ 23. Instead of pitching in and doing her fair share in this regard, Plaintiff was often on her cell phone and regularly left her station dirty. *Id*. ¶¶ 44-45. This frustrated her co-workers as they had to pick up her slack. *Id*. ¶ 46. On December 17, 2021, Echevarria noticed Plaintiff's station was dirty and reminded Plaintiff she had to clean up. *Id*. ¶¶ 54-55. Plaintiff became upset, screaming and yelling at Echevarria. *Id*. ¶ 55. Plaintiff went into Chef Steelman's office, yelling so loudly that Chef Steelman could not understand what she was saying. *Id*. ¶ 59. As it was obvious that she was agitated, Chef Steelman told Plaintiff to take the following day off, with pay. *Id*. ¶ 60. Yet, despite Chef Steelman's direction to take the following day off (with pay) so he could investigate the incident, Plaintiff showed up at work. *Id.* ¶ 69.

The subsequent investigation of the incident confirmed that numerous employees – including individuals located in the dining room with customers - heard a female voice (Plaintiff) screaming the night before and confirmed that customers could hear same. *Id*. ¶¶ 70-76. In light of this, as well as Plaintiff's disregard of his instructions, Chef Steelman made the decision to terminate Plaintiff's employment. *Id*. ¶¶ 78-79.

Plaintiff now claims she was subjected to unlawful gender discrimination, a hostile work environment, and retaliation after she allegedly complained about discrimination in violation of Title VII, the NYSHRL, and the NYCHRL. ECF No. 1. She further claims The River Café aided and abetted discrimination. *Id*. ¶¶ 75-80. Specifically, Plaintiff alleges she requested, but was not given, a promotion to the position of "Junior Sous Chef". *See id*. ¶¶ 21-23, 28. She generally asserts that Echevarria – the co-worker with whom she had the dispute - made comments (albeit unrelated to the dispute) that she was "so pretty" and does not "have to worry about things because [she is] a cute girl." *Id*. ¶ 16. She further alleges, without providing details, that she reported to Chef Steelman on December 17, 2021 that Echevarria was unprofessional and treated her differently

than her male co-workers. *Id.* ¶ 32. She finally alleges her employment was terminated in retaliation for this alleged complaint. *Id*. ¶ 42.

## ARGUMENT

## THE STANDARDS APPLICABLE TO THIS MOTION

A party is entitled to summary judgment when the undisputed facts warrant judgment in its favor as a matter of law. FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For a plaintiff's claims to survive summary judgment, she "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, she must produce sufficient admissible evidence from which a reasonable factfinder could find in her favor. *Id.*; *Ying Jing Gan v. City of N.Y.,* 996 F.2d 522, 532 (2d Cir. 1993) (an opposing party "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible"); *Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003) ("[c]onclusory allegations, conjecture, and speculation are insufficient to create a genuine issue of fact."). The non-movant must "offer[ing] any concrete evidence from which a reasonable juror could return a verdict in his favor." *Liberty Lobby,* 477 U.S. at 256 (disagreement with deposition testimony and documentary evidence does not alone create a question of material fact). Indeed, "only disputes over facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. *Id.* at 248.

As demonstrated herein, this case is ripe for summary disposition, and Defendants' motion should be granted in order to avoid burdening the parties and the Court with an unnecessary trial.

## I. PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIMS FAIL AS A MATTER OF LAW.

Plaintiff's general assertions that she experienced a hostile work environment based on

Echevarria's alleged comments about her appearance, and about her work as a line cook, are wholly insufficient under any of the federal, state, or city statutes alleged thereunder, and thus must be dismissed.

### A.    As Echevarria Was Not Plaintiff's Supervisor, Liability Cannot Be Imputed to The River Café for Comments He Purportedly Made.

The entirety of Plaintiff's hostile work environment claim is premised on her claim that (1) Echevarria complimented her appearance on a handful of occasions, and (2) Echevarria, a Sous Chef with 16+ more years of culinary experience than Plaintiff, commented on her performance as a line cook. Not only are none of these purported comments sufficient to prove a hostile work environment existed, there is no basis to impute liability to The River Café for these unproven statements.

Liability for a hostile work environment may be imputed to the employer under Title VII and the NYSHRL only if: (1) "the harasser is a supervisor with immediate or successively higher authority over the [plaintiff]"; or (2) the harasser is a non-supervisory co-worker and the plaintiff demonstrates that the employer "knew (or reasonably should have known) about the harassment but failed to take appropriate remedial action." *Sarkis v. Ollie's Bargain Outlet*, 560 F. App'x 27, 29 (2d Cir. 2014). Similarly, under the NYCHRL, an employer may be held liable for the discriminatory conduct of its employees "only where": "(1) the employee or agent exercised managerial or supervisory responsibility"; (2) "the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action" or (3) "the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct." N.Y.C. Admin. Code § 8-107(13)(b).

First, Echevarria was not Plaintiff's supervisor. The Second Circuit has established that an

employee is a supervisor "when the employer has empowered that employee to take tangible employment actions against the victim, i.e., to effect a 'significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits.'" *Bentley v. AutoZoners, LLC*, 935 F.3d 76, 91 (2d Cir. 2019) (*quoting Vance v. Ball State University*, 570 U.S. 421, 431 (2013)); *see also Mejia v. City of New York*, No. 17-CV-2696 (NGG)(JO), 2020 U.S. Dist. LEXIS 95659, at *46 (E.D.N.Y. May 30, 2020) (noting that, "[w]hile the term 'managerial or supervisory authority' is not defined in NYCHRL", the same conceptual definition of supervisor applied under Title VII and the NYSHRL applies to related claims asserted under the NYCHRL) (internal citations omitted).

Echevarria did not have the power to take any tangible employment actions against Plaintiff. SMF ¶¶ 11-13 (Echevarria's role with respect to the line cooks is limited to providing them guidance in the kitchen), 14 (Steelman testifying that only he, as the Executive Chef, supervises the line cooks; Plaintiff testifying that the Sous Chef did not supervise the line cooks), 15-16 (Steelman and Plaintiff each confirming that the Sous Chef was not responsible for the hiring, firing, discipline or promotion decisions for any River Café employees). As indicated, Plaintiff admits that Echevarria did not directly supervise her at The River Café, and that Chef Steelman was in charge of the hiring and discipline for all kitchen staff. *Id.* ¶¶ 13-16, 31-32. She further testified that she only met Echevarria after she was interviewed by Chef Steelman for the line cook position. *Id.* ¶¶ 15, 31-32. Thus, as established by the undisputed factual record,[1]

---

[1] Plaintiff points to the fact that Echevarria provided guidance to line cooks in terms of their cooking, preparation, and station cleanliness to unsuccessfully try to create a factual dispute. *See* ECF No. 34. However, even in performing these duties, Echevarria did not act as a supervisor; rather, as the most experienced position and person in the kitchen (other than Chef Steelman), he provided guidance to those less experienced than him. SMF ¶¶ 12-13, 17. Further, the "ability to

Echevarria was not empowered to make any tangible employment decisions with respect to Plaintiff's employment at The River Café. *Id.* at ¶ 14. That power is left exclusively to Chef Steelman. *Id.* at ¶ 8.[2] Thus, liability for any purported conduct Plaintiff alleges Echevarria engaged in cannot be imputed to the River Café on this basis.

Second, putting aside that Defendants dispute Echevarria made any of the comments alleged, nothing in the factual record establishes that The River Café knew or should have known of these purported comments, which alone, necessitates dismissal of Plaintiff's hostile work environment claim. Plaintiff admitted she never reported these purported comments to Chef Steelman or anyone else at the restaurant. SMF ¶ 96. As such, even if, for the sake of argument, we presumed said comments were made, there is no basis to impute liability to The River Café on this ground either. *See Harrison v. State Univ. of N.Y. Downstate Med. Ctr.,* No. 16 CV 1101 (RRM)(CLP), 2018 U.S. Dist. LEXIS 114679, at *32-33 (E.D.N.Y. July 6, 2018) (collecting cases that establish that unpleasant interactions with co-workers – even with sporadic race-based comments – do not establish a hostile work environment); *see Griffin v. Ambika Corp.,* 103 F. Supp. 2d 297, 309 (S.D.N.Y. 2000) (noting that "it is fatal to plaintiffs' case that they [do not] allege that . . . any of the decision-makers who were responsible for their termination[s], harbored

---

distribute daily tasks" does not alone confer supervisory status. *Small v. Garland*, No. 18-CV-5659 (BCM), 2021 U.S. Dist. LEXIS 63010, at *59 (S.D.N.Y. Mar. 31, 2021) (". . . assigning tasks outside the plaintiff's job duties, distributing daily work assignments, recommending discipline to superiors, nor controlling an employee's hours and assignments within their job description have been held sufficient to establish supervisor status."); *see also Vance*, 570 U.S. at 439 ("the ability to direct another employee's tasks is simply not sufficient" to make one a supervisor).

[2] Plaintiff's (unsupported) belief that Echevarria was involved in recommending disciplinary decisions would also not make him a supervisor, as "the ability to ... recommend discipline [is] not [a] tangible employment action[s]" . . . ." *Murphy v. Wappingers Cent. Sch. Dist.*, No. 15 CV 7460 (VB), 2018 U.S. Dist. LEXIS 63761, at *16 (S.D.N.Y. Apr. 16, 2018) (citation omitted). As Plaintiff has not put forth any evidence to show that Echevarria was empowered to take any employment action that would inflict any kind of change in her employment status, The River Café cannot be held liable for Echevarria's alleged actions.

discriminatory feelings for them").

Further, because Echevarria was not Plaintiff's supervisor, she does not have a direct cause of action against him as an individual defendant. *See Jadallah v. N.Y.C. Dep't of Educ.,* No. 21 Civ. 6390 (DG)(VMS), 2024 U.S. Dist. LEXIS 58425, at *19 (E.D.N.Y. March 28, 2024) ("direct individual liability [under the NYSHRL] is limited to individuals with ownership interest or supervisors, who themselves have the authority to hire and fire employees" (internal citation omitted)); *Ballard v. Children's Aid Soc'y*, 781 F. Supp. 2d 198, 211 (S.D.N.Y. 2011) (plaintiff must show that an individual defendant had the ability to hire or fire plaintiff on their own, "which is a prerequisite for holding a corporate employee liable under the NYSHRL and NYCHRL"). Such claims asserted against Echevarria as an individual should be dismissed.

Thus, any the aforementioned conduct or comments allegedly made by Plaintiff's co-worker are insufficient to establish a hostile work environment claim.

**B.      The Claimed Compliments Conveyed to Plaintiff Cannot Formulate the Basis for a Hostile Work Environment Claim.**

Even assuming, *arguendo,* that they were somehow potentially actionable against The River Café or Echevarria, the compliments Plaintiff alleges Echevarria made—that Plaintiff "clean[ed] up nice," "look[ed] good," and was "pretty"—are nothing more than innocuous statements that are wholly insufficient to establish a hostile work environment claim.

To establish a hostile work environment claim under Title VII, "a plaintiff must show that the 'the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Littlejohn v. City of New York*, 795 F.3d 297, 320-21 (2d Cir. 2015) (*quoting Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). To prove such a claim under the NYSHRL, a plaintiff must establish that she was subjected to inferior terms and conditions of

employment "*because of* a prohibited factor" (*i.e.*, sex). *De Souza v. Planned Parenthood Federation of America, Inc*., No. 21 Civ. 5553 (LGS), 2023 WL 2691458 *11 (S.D.N.Y. Mar. 29, 2023) (interpreting the NYSHRL); *see also To Man Pang v. Anthony Ye*, No. 23-713-cv, 2024 U.S. App. LEXIS 7205, at *8 (2d Cir. Mar. 27, 2024) (summary order) (hostile work environment claims under Title VII and the NYSHRL require "that a plaintiff demonstrate that the hostile work environment was created due in part to discrimination based on a protected characteristic"). Under the NYCHRL, dismissal of a hostile work environment claim is appropriate where the employer proves "that the conduct complained of consists of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,* 715 F.3d 102, 111 (2d Cir. 2013) (*citation omitted*); *see also Sotomayor v. City of N.Y.,* 862 F. Supp. 2d 226, 261 (E.D.N.Y. 2012) (dismissing NYCHRL discrimination and hostile work environment claims), *aff'd,* 713 F3d 163 (2d Cir. 2013). Further, to prove such a claim, a plaintiff must demonstrate that an alleged hostile environment existed because of that person's membership in a protected class. *Russo v. N.Y. Presbyterian Hosp.,* 972 F. Supp. 2d 429, 447 (E.D.N.Y. 2013) (collecting cases).

Here, Echevarria's alleged comments were innocuous, especially considering the context in which they were allegedly made—Plaintiff had dressed up to attend a friend's bridal shower at The River Café as a guest and was thus wearing "normal clothes" instead of her work uniform and claims that Echevarria told her that she "clean[ed] up nice" and "look[ed] good". SMF ¶ 80. These purported comments, even if true, cannot even arguably serve as the basis for a hostile work environment claim under any standard. In fact, they are even less offensive than comments that other courts have found insufficient to create a hostile work environment under Title VII, the NYSHRL, and the NYCHRL. *See Paupaw-Myrie v. Mount Vernon City Sch. Dist.,* 653 F. Supp.

3d 80, 106 at n. 21 (S.D.N.Y. 2023) (comments about plaintiff's body shape and physical appearance were "too mild an innocuous to create a hostile work environment" under Title VII); *Gittens-Bridges v. City of New York*, No. 2023 U.S. App. LEXIS 33872 , at \*6 (2d Cir. Dec. 21, 2023) (comments referring to plaintiff as an "old school secretary" and "mommy" were "no more than "petty slight[s] and [did] not support an inference of [] discrimination" under the …NYCHRL); *Feliciano v. Alpha Sector, Inc.*, No. 00 Civ. 9309 (AGS), 2002 WL 1492139, at \*8 (S.D.N.Y. July 12, 2002) (dismissing Title VII hostile work environment claim where supervisor complimented plaintiff, said he wanted to date her, attempted to hug her, stated on one occasion that he wanted to "lay with" her, and kissed her after giving her after giving her a ride home); *Livingston v. City of New York,* 563 F. Supp. 3d 201, 223, 255 (S.D.N.Y. 2021) (finding repeated comments from supervisors that an employee's observing of the Sabbath was "unacceptable" and that he "can't be missing Saturdays" "amounts at most to petty slights" under the NYCHRL). There can be no dispute that the compliments Plaintiff claims Echevarria paid her are not actionable as a hostile work environment claim under any of the alleged statutes.

### C.   None of the Purported Comments About Plaintiff's Performance Are Actionable.

Plaintiff alternatively claims that there was a non-sexual gender based hostile work environment. In this regard, she relies on Echevarria's criticism of her work in the kitchen consisting of telling her on a few occasions that she was not working fast enough, and telling her she could not speak with her colleagues when she was meant to be working. SMF ¶¶ 90, 91.[3]

---

[3] To the extent Plaintiff adds additional claims or purported facts to support this claim, extraneous facts that are unsupported by the factual record should be disregarded. *See Kulak v. City of New York*, 88 F.3d 63,71 (2d Cir. 1996) ("conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment.") (internal citations omitted); *Benzinger v. Lukoil Pan Americas, LLC*, 447 F. Supp. 3d 99, 123 (S.D.N.Y. 2020) ("[e]ven under the NYCHRL, [plaintiff] may not rely on mere speculation or conjecture as to the true nature of the

An employee's subjective perception of what constitutes a hostile work environment is not enough to prove such a claim. It is well established that the work environment must be hostile from the objective point of view of a reasonable person. *Ramos v. Metro-North Commuter R.R.*, No. 153742/18, 2020 N.Y. Misc. LEXIS 1666 (N.Y. Sup. Ct., N.Y. Cty. Apr. 3, 2020); *Spellman v. Gucci Am. Inc.*, No. 160266/2014, 2015 N.Y. Misc. LEXIS 3326, at *10 (N.Y. Sup. Ct., N.Y. Cty. Sept. 11, 2015). Criticism of an employee's job performance or perceived harsh treatment, even by a manager, are insufficient to support a hostile work environment claim. *Clarke v. N.Y.C. Dep't of Educ.*, No. 18-CV-1850 (NGG)(JO), 2020 U.S. Dist. LEXIS 189482, at *27 (E.D.N.Y. Oct. 13, 2020) ("[a]llegations of even constant reprimands and work criticism by themselves are not sufficient to establish a hostile environment claim" under Title VII) (*quoting Lucenti v. Potter*, 432 F. Supp. 2d 347, 362 (S.D.N.Y. 2006)); *Colon v. Fashion Inst. of Tech. (State Univ. of N.Y.)*, 983 F. Supp. 2d 277, 292 (S.D.N.Y. 2013) (dismissing NYCHRL hostile work environment claim based on an employer's "intense scrutiny and micro-management" of plaintiff).

Further, a defendant cannot be liable for a hostile work environment if the plaintiff fails to allege that the purported conduct is caused at least in part by discriminatory or retaliatory motives. *Goonewardena v. New York Workers Compensation Board*, 258 F. Supp. 3d 326, 343 (S.D.N.Y. 2017). In other words, "only conduct prompted by plaintiff's membership in a protected class contributes to a hostile work environment claim." *Petrisch v. HSBC Bank USA, Inc.*, No. 07-CV-3303 (KAM)(JMA), 2013 U.S. Dist. LEXIS 45346, at *45 (E.D.N.Y. Mar. 28, 2013); *Scott v. Ysb Servs.*, No. 21-CV-7711 (VSB), 2024 U.S. Dist. LEXIS 58149, at *16-17 (S.D.N.Y. Mar. 28,

---

facts to overcome [defendants'] motion for summary judgment" (internal citation omitted)); *see* ECF No. 34 (Plaintiff claims in her pre-motion letter, for the first time in this litigation, that Echevarria held her to a different standard than the other line cooks, screamed and threw food at her, and generally "interfered with her ability to advance in the industry.").

2024) (to prove a NYCHRL claim a plaintiff must demonstrate that she was subjected to negative differential treatment because of a protected characteristic).

Here, Plaintiff does not assert, nor is there any proof in the factual record, that any of the alleged comments made were based on her gender, nor does she cite conduct that objectively created a hostile work environment, even under the NYCHRL. Plaintiff's entire claim in this regard is that Echevarria, an accomplished Sous Chef with 16+ more years of culinary experience than her, commented that she needed to speed up her work and told her to focus on work rather than conversing with her colleagues. SMF ¶¶ 90, 91. Such a claim is entirely insufficient to withstand dismissal. *McCullough v. John T. Mather Hosp. of Port Jefferson, N.Y., Inc.,* No. 16-CV-4968 (DRH)(SIL), 2019 U.S. Dist. LEXIS 67001, at *22-23 (E.D.N.Y. Apr. 19, 2019) (granting defendant's summary judgment motion, finding criticism of plaintiff's work did not support a hostile work environment claim because it did not tie to plaintiff's protected status); *Batchelor v. City of N.Y.*, No. 11-CV-2058 (MKB)(VMS), 2014 U.S. Dist. LEXIS 46921, at *131 (E.D.N.Y. Feb. 6, 2014) (holding that a rational jury could not find that an employer's monitoring of plaintiff's performance and reminders about her work obligations were anything more than "petty slights or trivial inconveniences"); *Colon,* 983 F. Supp. 2d 292 (dismissing NYCHRL hostile work environment claim where a manager engaged in "intense scrutiny and micro-management" by reprimanding plaintiff for making phone calls and texting); *Russo*, 972 F. Supp. 2d 452 (finding that defendant yelling profanities at plaintiff was insufficient to state a NYCHRL hostile work environment claim because plaintiff failed to show defendant's conduct was due to her gender). Similarly, Plaintiff's hostile work environment claim should be dismissed.

Plaintiff apparently relies on the conclusory assertion that Echevarria's comments about her speed in the kitchen were made because of her gender. This assertion is (1) wholly unproven

by the factual record, and (2) in any event, insufficient to establish a hostile work environment claim under any of the relevant statutes. Here, as the undisputed record establishes, none of the comments even impliedly involve Plaintiff's gender. *See* SMF ¶ 89-90. (Plaintiff testified that the entirety of Echevarria's criticism of her work included being told to work faster in the kitchen, and she believed Echevarria's change in attitude was based on her gender). Plaintiff's subjective belief and unfounded assertion that these comments were made because of her gender are insufficient to defeat summary judgment. In fact, further disproving the conclusion that Plaintiff asks the Court to draw here, Plaintiff testified that she never heard Echevarria say anything inappropriate to the other women who worked in the kitchen at The River Café. *Id.* ¶ 83. Likewise, she testified that she does not think that Echevarria had a problem with women generally, rather, that he had an issue with her because she allegedly requested a promotion. *Id.* ¶¶ 87, 89.[4] This testimony is telling and undercuts her claim that any comments made were based on or because of her gender.

For the reasons stated herein, Plaintiff's hostile work environment claims asserted under Title VII, the NYSHRL, and the NYCHRL should be dismissed.

## II.   THE EVIDENCE PROVES THAT PLAINTIFF'S ALTERNATIVE GENDER DISCRIMINATION CLAIMS HAVE NO MERIT.

### A.   Plaintiff Cannot Establish a *Prima Facie* Claim of Gender Discrimination.

In addition to her alleged hostile work environment claim, Plaintiff asserts a more traditional gender-based discrimination claim. In this regard, all of Plaintiff's allegations are based on allegedly sex-based statements made by Echevarria. ECF No. 1 ¶¶ 17, 17-28; SMF ¶¶ 80-82, 90-91. Once again, she fails to state a claim.[5]

---

[4] In fact, Plaintiff clarified at her deposition that, prior to her alleged promotion discussion, Echevarria complimented her work, *id.* ¶ 88, and thus, his allegedly hostile treatment of her could not have been because of her gender. *id.* ¶ 87.

[5] As explained in Section I.A, even if they were true (and they are not), such claims are not

To establish a *prima facie* claim of discrimination under Title VII and the NYSHRL[6], a plaintiff must establish that: (i) she belongs to a protected class; (ii) she was qualified for her position; (iii) she was subjected to an adverse employment action; and (iv) the adverse action took place under circumstances that give rise to an inference of unlawful discrimination. *Brown v. City of Syracuse,* 673 F.3d 141, 150 (2d Cir. 2012) (Title VII); *Mayorga v. Greenberg*, No. 22-CV-387 (AMD)(RML), 2023 U.S. Dist. LEXIS 174472 at *18 (E.D.N.Y. Sep. 28, 2023). To establish a discrimination claim under the NYCHRL, a plaintiff must demonstrate that she was treated less well than other employees based on her protected status. *Mayorga,* 2023 U.S. Dist. LEXIS 174472 at *23; *Marseille v. Mount Sinai Health Sys.*, No. 18-CV-12136 (VEC), 2021 U.S. Dist. LEXIS 147442 (S.D.N.Y. Aug. 5, 2021), *aff'd*, 2022 U.S. App. LEXIS 29798 (2d Cir. Oct. 26, 2022). Though "the NYCHRL confers broad protections, it is not a general civility code," and the "plaintiff still bears the burden of showing that the conduct [was] caused by a discriminatory motive." *Buckler v. Craft Bee*, No. 23-CV-09275 (MMG), 2024 U.S. Dist. LEXIS 116664, at *7 (S.D.N.Y. July 2, 2024). "The NYCHRL causation standard is equivalent to the 'motivating factor' standard under Title VII." *Ruiz v. SEIU Loc. 32BJ*, No. 19-CV-8810 (PAE)(KHP), 2023 U.S. Dist. LEXIS 132992, at *31 (S.D.N.Y. Apr. 17, 2023).

If a plaintiff meets her initial burden of establishing a *prima facie* case of discrimination

---

actionable under Title VII, the NYSHRL, or the NYCHRL because Echevarria was not Plaintiff's supervisor and Plaintiff admits The River Café had no knowledge (imputed or actual) of the actions Plaintiff claims were discriminatory.

[6] Although the NYSHRL, as amended in 2019, is to be construed "liberally", N.Y. Exec. Law § 300, courts in this circuit continue to interpret the NYSHRL's liability standard as coextensive with Title VII's liability standard. *See Mayorga v. Greenberg*, No. 22-CV-387 (AMD)(RML), 2023 U.S. Dist. LEXIS 174472, at *18 (E.D.N.Y. Sep. 28, 2023); *Fernandez v. Wenig Saltiel LLP,* No. 19-CV-1979 (AMD)(MMH), 2024 U.S. Dist. LEXIS 58933, at *30-31 (E.D.N.Y. March 29, 2024); *Booth v. N.Y. Presbyterian Hosp.*, No. 22-CV-10114 (NSR), 2024 U.S. Dist. LEXIS 60823, at *7 (S.D.N.Y. Mar. 29, 2024) ("[g]enerally, Title VII and NYSHRL are subject to identical analyses and addressed together").

under Title VII and the NYSHRL, the burden shifts to the defendant to establish a legitimate, nondiscriminatory reason for its actions. *Gittens v. Winthrop Hospitalist Assocs., P.C.*, No. 19-CV-5070 (LDH)(PK), 2024 U.S. Dist. LEXIS 58247, at *8 (E.D.N.Y. Mar. 29, 2024). In this regard, the defendant's burden is not substantial. *Rosenberg v. Chesapeake Pharm. & Health Care Packaging*, 888 F. Supp. 2d 302, 309 (E.D.N.Y. 2012) (noting the employer's burden "is not a particularly steep hurdle"); *Farzan v. Wells Fargo Bank, N.A.*, No. 12 Civ. 1217 (RJS)(JLC), 2013 U.S. Dist. LEXIS 169743, at *77 (S.D.N.Y. Dec. 2, 2013) (the court "may not second-guess an employer's non-discriminatory business decisions, regardless of their wisdom."). The plaintiff must then prove that the reason given by the defendant is not the true reason and is being used as a pretext to hide a discriminatory motivation. *Woodman v. WWOR-TV, Inc.,* 411 F.3d 69, 76 (2d Cir. 2005); *Beverley v. 1115 Health & Benefits Fund*, 420 F. Supp. 2d 47, 56 (E.D.N.Y. 2005). Plaintiff's proof must be more than conclusory allegations of discrimination. *Davis v. Oyster Bay-East*, No. 03-cv-1372 (SJF)(JO), 2006 U.S. Dist. LEXIS 82914, at * 33–34 (E.D.N.Y. Mar. 9, 2006), *aff'd,* 220 F. App'x 59 (2d Cir. 2007). Under the NYCHRL, summary judgment "is appropriate if no reasonable jury could conclude either that defendant's reasons were pretextual or that defendant's conduct was based at least in part on discrimination." *Bramble v. Moody's Corp.*, No. 23-506, 2024 U.S. App. LEXIS 3941, at *3 (2d Cir. Feb. 21, 2024) (internal citations omitted).

As will be demonstrated below, Plaintiff's gender discrimination claim should be dismissed under any of the statutes alleged. The conduct Plaintiff alleges Echevarria engaged in did not result in an adverse employment action under the law, nor is there proof of even Plaintiff's generalized assertions of gender discrimination in the factual record.

       i.     *Criticism of Work Performance Does Not Constitute An Adverse Action or "Less Well" Treatment Under The Law.*

Plaintiff's claims in this regard are limited to Echevarria's alleged criticism of her

performance as a line cook, which she testified consisted of his telling her on a couple of occasions that she was not fast enough at expediting food for customers or at cleaning, SMF ¶ 90, and on a handful of occasions that she was speaking with her colleagues when she was supposed to be working, *id.* ¶ 91. The law is crystal clear that such criticism about performance (regardless of whether or not it came from a supervisor, which Echevarria is not) is not an adverse employment action. *Martinez-Santiago v. Zurich N. Am. Ins. Co.*, No. 07 Civ. 8676 (RJH), 2010 U.S. Dist. LEXIS 4246, at *37 (S.D.N.Y. Jan. 20, 2010) (finding criticism is not an adverse action under Title VII, as a "reasonable employee would not be dissuaded from filing a discrimination complaint merely because her supervisor gave her constructive employment-based criticism"); *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 570 (2d Cir. 2011) ("criticism of an employee (which is part of training and necessary to allow employees to develop, improve and avoid discipline) is not an adverse employment action" under Title VII); *Hernandez v. Kellwood Co.,* No. 99 Civ. 10015 (LTS)(KNF), 2003 U.S. Dist. LEXIS 17862, at *72 (S.D.N.Y. Oct. 8, 2003) (dismissing NYCHRL claims "relating to the alleged excessive scrutiny, undue criticism and unwarranted evaluations"). Thus, Plaintiff's discrimination claim based on Echevarria's purported criticism of her performance cannot withstand dismissal.[7]

---

[7] Further, Plaintiff's claims consist of nothing more than conclusory allegations that Echevarria's behavior towards her was based on her gender. *See* ECF No. 1 ¶¶ 26, 32; SMF ¶¶ 87, 88, 89. Such general assertions are insufficient to establish discrimination. *See Gorzynski v. JetBlue Airways Corp.,* 596 F.3d 93, 101 (2d Cir. 2010) ("[e]ven in the discrimination context, . . . a plaintiff must provide more than conclusory allegations to resist a motion for summary judgment."); *Gue v. Suleiman*, No. 10 Civ. 8958 (RLE), 2012 WL 4473283, at *8 (S.D.N.Y. Sep. 27, 2012) (a plaintiff's "mere subjective belief that he was discriminated against" based on any protected attribute "does not sustain a discrimination claim.").

ii.     *The Undisputed Facts Prove There is No Inference of Discrimination With Respect to the Termination of Plaintiff's Employment.*

Plaintiff's remaining discrimination claim is premised on her termination. But, such claim cannot survive dismissal as there is no record evidence that Plaintiff's employment was terminated for anything other than inappropriate conduct in the kitchen on December 17, 2021, and for disregarding Chef Steelman's instructions to take the following day off, with pay. SMF ¶ 78 (Steelman testified that he decided to terminate Plaintiff's employment for her conduct in the kitchen and because she reported to work on December 18). This legitimate non-discriminatory rationale compels dismissal of the claim.

Although to prove an inference of discrimination with respect to a particular adverse employment action (in this case, termination), a plaintiff can present evidence of discriminatory animus through conduct that has a "tendency to show that the decision-maker was motivated by assumptions or attitudes relating to the protected class," no such evidence is presented here. *See Ruiz,* 2023 U.S. Dist. LEXIS 132992 at *37 (analyzing NYCHRL discrimination claim); *see, e.g., Tojzan v. N.Y. Presbyterian Hosp.,* No. 00 Civ. 6105 (WHP), 2003 U.S. Dist. LEXIS 5138, 24-25 (S.D.N.Y. Mar. 31, 2003) (explaining that plaintiff's admission that no decision maker commented about his protected class undermined the discrimination claim); *Francis v. Pactiv Corp.*, No. cv 04-0417 (WDW), 2007 U.S. Dist. LEXIS 20046, at *41 (E.D.N.Y. Mar. 21, 2007) (absence of discriminatory comments undermines the allegations of discrimination). Plaintiff has thus presented no evidence that Chef Steelman, the individual who made the decision to terminate her employment with The River Café, SMF ¶ 78, possessed any discriminatory animus towards her. In fact, Plaintiff's testimony supports the opposite conclusion. According to Plaintiff, the only

person who criticized her work at The River Café was Echevarria.[8] *Id.* ¶ 92. Given that there is no

evidence whatsoever that Chef Steelman terminated Plaintiff's employment because of her gender,

and Plaintiff's testimony in fact undercuts this argument, her discrimination claims with respect to

her termination should be dismissed. *See Ruiz,* 2023 U.S. Dist. LEXIS 132992, at *37 (dismissing

NYCHRL discrimination claim as plaintiff did not present evidence that discriminatory reasons

played a role in decision-making process); *see Pronin v. Raffi Custom Photo Lab, Inc.*, 383 F.

Supp. 2d 628, 638 (S.D.N.Y. 2005) (dismissing discrimination claim when no discriminatory

remarks or actions were made by the decision-makers); *Cruz v. Bernstein Litowitz Berger &*

*Grossman LLP*, No. 20-CV-8596 (VF), 2023 U.S. Dist. LEXIS 54426, at *19 (S.D.N.Y. Mar. 29,

2023) (dismissing NYCHRL discrimination claim when plaintiff failed to offer evidence of a link

between termination and a discriminatory motive); *Cincotta v. Hempstead Union Free Sch. Dist.*,

313 F. Supp. 3d 386, 406 (E.D.N.Y. 2018) (finding no inference of discrimination when

individuals who made racially charged comments were not decision-makers and exerted no

influence over decision-makers).

### B.    The River Café's Reason for Termination Was Legitimate and Justified.

Assuming, *arguendo*, that Plaintiff can meet her obligations to state a *prima facie* case of

gender discrimination, Defendants have proven their legitimate, non-discriminatory reason for

their actions.

The River Café had a legitimate, non-discriminatory reason for ending Plaintiff's

employment: she engaged in inappropriate behavior on December 17, 2021 and then disobeyed

her supervisor's (the Executive Chef) instruction to stay home with pay. SMF ¶¶ 59, 71-75 (other

---

[8] And in fact, Plaintiff claims Echevarria only criticized her work after she purportedly requested
a promotion, which had nothing to do with her gender. *Id.* ¶¶ 87-89.

restaurant staff confirmed hearing a woman's voice yelling from the kitchen, while customers were still present in the dining area), 78 (Plaintiff disregarded Chef Steelman's instruction to stay home with pay pending the investigation). As such, Plaintiff's discrimination claims should be dismissed. *See Bramble,* 2024 U.S. App. LEXIS 3941, at *5 (noting that "no reasonable finder of fact could conclude that [defendants]' decision to terminate [plaintiff] was motivated by racial animus" where there was no dispute concerning plaintiff's policy violation, and finding that "plaintiff's disagreement as to the severity of her violation [was] insufficient to show discrimination or pretext" to defeat summary judgment); *In re N.Y. City Dep't of Educ.*, No. 15-CV-7 150 (AJN), 2019 U.S. Dist. LEXIS 54430, at *20 (S.D.N.Y. Mar. 29, 2019) (dismissing NYCHRL discrimination claim where plaintiff failed to offer evidence that more likely than not, discrimination was the real reason for the employment action). As no reasonable fact finder could conclude that Chef Steelman's decision to terminate Plaintiff's employment was pretextual or motivated by her gender, Plaintiff's discrimination claims fail.

## III.   PLAINTIFF'S RETALIATION CLAIMS FAIL AS A MATTER OF LAW.

Plaintiff alternatively alleges that her employment with The River Café was terminated because (1) she requested a promotion, and (2) she reported to Chef Steelman on December 17, 2021 that Echevarria was unprofessional and treated her differently than her male co-workers. ECF No. 1 ¶¶ 32-33, 41.

To prove a retaliation claim under Title VII and the NYSHRL, Plaintiff must present evidence that "(1) she engaged in protected activity, (2) the defendant was aware of that activity, (3) the plaintiff suffered an adverse employment action, and (4) there was a causal connection between the protected activity and the adverse employment action." *Renondeau v. Wildlife Conservation Soc'y*, No. 19-CV-2415 (VSB), 2024 U.S. Dist. LEXIS 48483, at *27 (S.D.N.Y.

Mar. 18, 2024) (*quoting Reiss v. Hernandez*, 852 Fed. App'x. 620, 622 (2d Cir. 2021) (footnote omitted)). If a plaintiff meets this initial burden, the defendant must "articulate a legitimate, non-retaliatory reason for the adverse employment action," and if the defendant offers such proof, the plaintiff must "show that retaliation was a substantial reason for the adverse employment action." *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173-74 (2d Cir. 2005) (*quoting McMenemy v. City of Rochester*, 241 F.3d 279, 282-83 (2d Cir. 2001)). The NYCHRL "requires only a showing that the event was 'reasonably likely to deter a person from engaging in protected activity.'" *Dillon v. Ned Management, Inc.*, 85 F. Supp. 3d 639, 661 (E.D.N.Y. 2015) (internal citation omitted); *Fincher v. Depository Trust and Clearing Corp.*, 604 F.3d 712, 723 (2d Cir. 2010) (same). Here, Plaintiff fails to prove a retaliation claim under any of the aforementioned statutes.

### A.    Plaintiff Cannot Establish A *Prima Facie* Retaliation Claim As She Did Not Engage In Any Protected Activity.

Plaintiff's retaliation claim is premised on (1) her alleged request for a promotion, ECF No. 34, and (2) her conversation with Chef Steelman after the December 17th incident about Echevarria supposedly being threatening and unprofessional, ECF No. 1 ¶ 32. Neither should survive dismissal.

First, the law in New York is clear that seeking a promotion is not a protected activity. *See Cruz v. Coach Stores, Inc.*, No. 96 Civ. 8099 (JSR), 1997 U.S. Dist. LEXIS 14572, at *6 (S.D.N.Y. Sept. 25, 1997) (". . . merely insisting upon a promotion does not, as plaintiff contends, constitute a protected activity that gives rise to a retaliatory discharge claim . . . ."); *Pannikadavil v. New York City Health & Hosps. Corp.*, No. 04 Civ. 8916 (RPP), 2008 U.S. Dist. LEXIS 55639, at *35, fn. 31 (S.D.N.Y. July 23, 2008) (" . . . under Title VII, request for promotion, standing alone, is not a protected activity"); *Shaughnessy v. Scotiabank*, No. 22 CV 10870 (LAP), 2024 U.S. Dist. LEXIS 57840, at *29 (S.D.N.Y. Mar. 29, 2024) (protected activity includes "complaining to

supervisors, instituting litigation, and filing a formal complaint."). Thus, her promotion-based retaliation claims should be dismissed.[9]

Second, Plaintiff's retaliation claim based on her conversation with Chef Steelman on December 17 should also be dismissed. At Plaintiff's deposition, she admitted that at no point did she complain to Chef Steelman about Echevarria's comments towards her. SMF ¶¶ 96, 97. She testified that she only complained to Chef Steelman on a single occasion, after the incident on December 17th, that she felt there was tension between her and Echevarria. *Id*. Plaintiff's "complaint" to Chef Steelman was not a protected activity, it was admittedly an expression of her perceived workplace difficulties. *See Roman-Malone v. City of New York*, No. 11 Civ. 8560 (PAC), 2013 WL 3835117, at *8 (S.D.N.Y. July 25, 2013) (dismissing retaliation claims where the complaints concerned non-discriminatory misconduct, as "[s]uch 'unprofessional conduct' is not statutorily prohibited"); *Gonzalez v. NYU Langone Med. Ctr.*, No. 18 Civ. 1797 (PAE), 2019 WL 4194313, at *5 (S.D.N.Y. Sep. 3, 2019) (collecting cases) ("mere complaints of unfair treatment without reference to any protected characteristic are insufficient to state a Title VII retaliation claim."); *Brummell v. Webster Cent. Sch. Dist.*, No. 06-CV-6437, 2009 U.S. Dist. LEXIS 7644, at

---

[9] Plaintiff's assertion in her pre-motion letter that she was retaliated against for allegedly asking for a promotion should be disregarded as she stated in that very same submission that she is not asserting a failure to promote claim. ECF No. 24. Regardless, Plaintiff cannot establish a failure to promote or retaliation claim based on her lack of promotion as it is undisputed that there was no "Junior Sous Chef" position at The River Café during her employment nor is there such a position currently. SMF ¶ 27. *See Brown v. Coach Stores, Inc*., 163 F.3d 706, 710 (2d Cir. 1998) (*quoting Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981) (to prove a failure to promote claim, a plaintiff must show that "she applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination.")). Here, because Plaintiff did not apply for an open position at The River Café (as the position she claimed she wanted did not exist and does not exist to the present day), her failure to promote claim is dead in the water. *Aulicino v. N.Y.C. Dept. of Homeless Servs.,* 580 F.3d 73, 80 (2d Cir. 2009); *Brown,* 163 F.3d at 709 (2d Cir. 1998) (a plaintiff must prove "he applied for a specific position and was rejected for it, rather than merely asserting that on several occasions she or he generally requested promotion.").

*13 (W.D.N.Y. Jan. 29, 2009) ("absent a claim of unlawful discrimination, general complaints about employment concerns do not constitute protected activity.")

When asked at her deposition, Plaintiff testified that the only two people she complained to about her claim that Echevarria treated her differently based on her gender were two co-workers. SMF ¶ 95. Even if true, such "complaints" are not protected activity because they were made to co-workers and not agents of The River Café. *See Sumner v. U.S. Postal Serv.*, 899 F.2d 203, 209 (2d Cir. 1990) (protected activity includes complaints to management); *Pape v. Dircksen & Talleyrand Inc.*, No. 16-CV-5377 (MKB)(SJB), 2019 U.S. Dist. LEXIS 17717, at *61 (E.D.N.Y. Feb. 1, 2019) (Court granted The River Café's summary judgment motion dismissing Title VII, NYSHRL, and NYCHRL claims, among others, and noting that to prove a retaliation claim, a plaintiff must demonstrate the person responsible for the employee's firing knew about the protected activity).

Further, Plaintiff testified that *Echevarria* is the one she claims retaliated against her for allegedly asking for a promotion. SMF ¶ 86. But, as she also admitted, Echevarria was never her supervisor, and he did not have the authority to hire or fire her. *Id*. at ¶¶ 15-16, 31-32. Thus, he could not have retaliated against her. *See also Frank v. Lovell*, No. 11 CV 4119 (KAM)(LB), 2013 U.S. Dist. LEXIS 127648, at *50 (E.D.N.Y. Aug. 8, 2013) ("plaintiff's comment to his coworkers does not constitute a protected activity."). As demonstrated, Plaintiff has not engaged in any protected activity, and thus, her retaliation claim should be dismissed.

**B.     Even Assuming, *Arguendo*, That Plaintiff Had Engaged In A Protected Activity, Her Retaliation Claim Fails As She Cannot Establish the Requisite Causal Connection.**

Even if Plaintiff could somehow establish that she engaged in a protected activity, her retaliation claim still fails because she cannot show a causal connection between the alleged

protected activity and her termination. To establish such causal connection, a plaintiff must present "[e]ither direct evidence of retaliatory animus or an indirect showing that a 'protected activity was followed closely by discriminatory treatment . . . .'" *Clark v. New York State Elec. & Gas Corp.*, 67 F. Supp. 2d 63, 76 (N.D.N.Y. 1999), *aff'd*, 216 F.3d 1071 (2d Cir. 2000). "[T]he mere fact that a protected action preceded an adverse employment action is not, by itself, sufficient to satisfy plaintiff's burden at the third step of the . . . analysis." *Bainlardi v. SBC Warburg, Inc.*, No. 97 Civ. 2861 (KTD)(HBP), 1998 U.S. Dist. LEXIS 13491, *18 (S.D.N.Y. Aug. 31, 1998); *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 313-14 (2004) ("[a]s a matter of law, the mere fact that the incidents of which (a plaintiff) complains occurred after ... grievances were filed does not create an issue of fact as to causality").

It is undisputed that Chef Steelman made the decision to terminate Plaintiff's employment because of her inappropriate conduct in the kitchen on December 17 and her disregard of his instruction not to report to work. SMF ⁋ 78. As detailed above in Section II.A, Plaintiff cannot demonstrate that discrimination played any role in the termination of her employment. Therefore, she cannot establish a *prima facie* case of retaliation under Title VII, the NYSHRL, or the NYCHRL.

### C. Even if Plaintiff Had Engaged in Protected Activity, The River Cafe Had Legitimate Non-Retaliatory Reasons for Terminating Her Employment.

Even assuming that Plaintiff was able to establish a *prima facie* retaliation claim, as demonstrated, The River Cafe has established legitimate and non-retaliatory reasons for its decision to terminate her employment. *See supra*, at I.B. Thus, summary judgment should be granted and Plaintiff's retaliation claims dismissed. *See Gonzalez v. Beth Israel Med. Ctr.*, 262 F. Supp. 2d 342, 357 (S.D.N.Y. 2003) (plaintiff failed to establish a *prima facie* case of retaliation where "no reasonable jury could find that her discharges were motivated by anything other than

her supervisor's intent to enforce the Tardiness Policy.").

## IV.   AS THERE IS NO BASIS FOR EMPLOYER LIABILITY, THE AIDING AND ABETTING CLAIMS AND CLAIMS AGAINST DEFENDANT ECHEVARRIA SHOULD BE DISMISSED.

It is unlawful "for any person to aid, abet, incite, compel or coerce the doing of any acts forbidden" under the respective human rights laws. *See* N.Y. Exec. Law § 296(6). However, "a defendant cannot aid and abet its own violation of the NYSHRL;" "a corporate employer cannot be liable for aiding and abetting….violation[s] by its employee because such a claim would be derivative of the primary…claim against the…employer." *Rossbach v. Montefiore Med. Ctr.*, No. 19 cv 5758 (DLC), 2021 U.S. Dist. LEXIS 46012, at *21-22 (S.D.N.Y. Mar. 11, 2021). As The River Café cannot aid and abet its own purported violations, nor those of its employees, Plaintiff's aiding and abetting claim should be dismissed.

Further, given that summary judgment is warranted for The River Café on all of Plaintiff's claims, Echevarria cannot be held liable for any of Plaintiff's claims, which should be dismissed against Echevarria in their entirety. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (holding that the plaintiff's Title VII claims against the individual defendants were "properly dismissed . . . because individuals are not subject to liability under Title VII") (*citing Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995))); *Bliss v. MXK Rest. Corp.*, 220 F. Supp. 3d 419, 426-27 (S.D.N.Y. 2016) (dismissal of discrimination claim brought under NYSHRL against employer was "fatal" to the aiding and abetting claim against an individual defendant); *Turowski v. Triarc Companies, Inc.*, 761 F. Supp. 2d 107, 110-111 (S.D.N.Y. 2011) (an individual can only be liable under NYCHRL as an aider and abettor if liability is first established against the employer). Thus, all claims asserted against all Defendants should be dismissed in their entirety.

## **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that the Court grant summary judgment in their favor, dismiss the Complaint in its entirety, and grant such other and further relief as the Court deems just and proper.

Dated: August 12, 2024
      New York, New York               LITTLER MENDELSON, P.C.


By: */s/ Craig R. Benson*_____
    Craig R. Benson
    cbenson@littler.com
    Rebecca Goldstein
    rgoldstein@littler.com
    900 Third Avenue
    New York, NY  10022.3298
    Telephone:  212.583.9600
    Facsimile:  212.832.2719

    *Attorneys for Defendants*